UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANN MARGARET WALKER,

                                                    No. 10-13598

                      Plaintiff,                    District Judge Avern Cohn

v.                                                  Magistrate Judge R. Steven Whalen

MICHAEL J. ASTRUE,
Commissioner of Social Security,

                      Defendant.

_____/

## REPORT AND RECOMMENDATION

On September 9, 2010, Plaintiff filed Complaint for Supplemental Security

Benefits and Social Security Disability Benefits pursuant to 42 U.S.C. § 405(g). Before

the Court is Defendant's Motion to Dismiss [Doc. #10], and its Motion to Dismiss

Amended Complaint [Doc. #16], which have been referred for a Report and

Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).  For the reasons discussed below,

I recommend that the Defendant's motions be GRANTED and that the Complaint (or

more accurately, the Amended Complaint) be  DISMISSED.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff filed a application for Social Security Disability Benefits ("DIB") and

Supplemental Security Income Benefits ("SSI") on September 30, 2008, alleging an onset

of disability date of December 1, 2006.  The request for DIB was granted, but with an

onset date of September 1, 2007. After her request for reconsideration was denied,

Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). The hearing

was held on March 18, 2010, and on June 16, 2010, ALJ Regina Sobrino issued a "fully

favorable" decision stating that the date of onset was December 1, 2006.

However, because the Social Security Act and Regulations provide that retroactive benefits may be made only up to 12 months prior to the application[1], the Notice of Award, sent to the Plaintiff on July 12, 2010, awarded benefits only to September 1, 2007.

Plaintiff concedes that she did not seek Appeals Council review prior to filing her complaint for judicial review. However, she states, "Normally, an Appeals Council Review would be the next step, but because Plaintiff is challenging a Rule, the Appeals Council would have no authority to decide on this issue." *Plaintiff's Response*, Doc. #12, at 4.

In her amended complaint [Doc. #15], Plaintiff merely corrected what she stated was a typographical error, and included the fact that a Notice of Award was sent on July 12, 2010. Her other allegations remain unchanged.[2]

Defendant argues that the complaint should be dismissed because Plaintiff did not first exhaust her administrative remedies, and therefore the Court lacks subject matter jurisdiction.

## II.   DISCUSSION

Claims arising under the Social Security Act, such as this one, are subject to judicial review under the terms of 42 U.S.C. §405(g), which provides that:

> "Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil

---

[1] 42 U.S.C. § 423(b); 20 C.F.R. § 404.621(a).

[2] On May 18, 2011, the Court granted Plaintiff leave to amend her complaint, and ordered that the amended complaint be filed within seven days [Doc. #14]. However, Plaintiff did not file the amended complaint until June 22, 2011, the day after oral argument on the motion to dismiss. Despite its gross untimeliness, I will accept the amended complaint for filing. I note that nothing in the amended complaint affects the analysis of whether this Court has subject matter jurisdiction given Plaintiff's failure to exhaust administrative remedies.

> action commenced within sixty days after the mailing to him of notice of
> such decision or within such further time as the Commissioner of Social
> Security may allow."

Section 405(g) is generally considered the sole avenue for judicial review under the Act. 42 U.S.C. §405(h)[3]; *Heckler v. Ringer*, 466 U.S. 602, 617, 104 S.Ct. 2013, 80 L.Ed.2d 622 (1984). An indispensable requirement for judicial review under §405(g) is exhaustion of administrative remedies, that is, there must have been a "final decision of the Commissioner..made after a hearing." In *Bowen v. City of New York*, 476 U.S. 467, 483, 106 S.Ct. 2022, 90 L.Ed.2d 462 (1986), the Supreme Court stated that the "final decision" requirement has two elements: (1) exhaustion of administrative remedies prescribed by the Secretary and (2) the claim "shall have been presented to the secretary." *See also, Mathews v. Eldridge*, 424 U.S. 319, 328, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976).

Plaintiff is incorrect in arguing that she is excused from the exhaustion requirement because of her claim that the Appeals Council is without power to set aside the statute or regulations. In *Weinberger v. Salfi,* 422 U.S. 749, 95 S.Ct. 2457, 45 L.Ed.2d 522 (1975), the Supreme Court held that § 405(h) of the Social Security Act deprived the federal courts of jurisdiction over a widow's claim for benefits on behalf of a child from a previous marriage, notwithstanding her claim that the "duration of the relationship" requirement of the Social Security Act created a constitutionally impermissible classification. *See also Marozsan v. United States*, 852 F.2d 1469, 1473 (7th Cir. 1988).

*Shalala v. Illinois Council on Long Term Care, Inc*., 529 U.S. 1, 120 S.Ct. 1084,

---

[3] Section 405(h) states that "[n]o action against the United States, the Commissioner of Social Security, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter." Section 1331 gives district courts original jurisdiction "of all civil actions arising under the Constitution, laws, or treaties of the United States."

-3-

1099, 146 L.Ed.2d 1 (2000), was a case in which certain Medicare regulations were challenged. The Court held that a claim must first be channeled through the administrative process, notwithstanding the agency's lack of authority to decide the claim:

> "The fact that the agency might not provide a hearing for that *particular contention,* or may lack the power to provide one...is beside the point because it is the 'action' arising under the Medicare Act that must be channeled through the agency. After the action has been so channeled, the court will consider the contention when it later reviews the action. And a court reviewing an agency determination under § 405(g) has adequate authority to resolve any statutory or constitutional contention that the agency does not, or cannot, decide...."
>
> "Proceeding through the agency in this way provides the agency the opportunity to reconsider its policies, interpretations, and regulations in light of those challenges.... At a minimum, however, the matter must be presented to the agency prior to review in a federal court." *Id.*, 529 U.S. at 23-24 (internal citations omitted)(emphasis in original).

*See also New Vision Home Health Care v. Leavitt* , 581 F.Supp.2d 802, 812 -813 (E.D.Mich. 2008), where the court, citing the above language of *Shalala*, held:

> "'The fact that the agency might not provide a hearing for that particular contention, or may lack the power to provide one, is beside the point because it is the "action arising under the Medicare Act that must be channeled through the agency.' [*Shalala*] at 23, 120 S.Ct. 1084. To be sure, this may be more burdensome for the plaintiffs than immediate judicial review. However, this Court cannot ignore the exhaustion requirement simply because a party "shows that postponement would mean added inconvenience or cost." *Id.* at 22, 120 S.Ct. 1084."

There are narrow circumstances under which a party can seek an expedited appeal to federal court and bypass the Appeals Council. 20 C.F.R. § 404.923 provides, "By using the expedited appeals process you may go directly to a Federal district court without first completing the administrative review process that is generally required before the court will hear your case."  20 C.F.R. § 924 sets forth the requirements for seeking an expedited appeal:

-4-

"You may use the expedited appeals process if all of the following requirements are met:

1.       (a) We have made an initial and a reconsidered determination; an administrative law judge has made a hearing decision; or Appeals Council review has been requested, but a final decision has not been issued.

         (b) You are a party to the reconsidered determination or the hearing decision.

         (c) *You have submitted a written request for the expedited appeals process.*

         (d) You have claimed, and we agree, that the only factor preventing a favorable determination or decision is a provision in the law that you believe is unconstitutional.

         (e) *If you are not the only party, all parties to the determination or decision agree to request the expedited appeals process.*" (Emphasis added).

The record before this Court fails to show that Plaintiff either submitted a written request for an expedited appeal or obtained the Defendant's agreement.

In her response to the motion to dismiss, Plaintiff relies on state court cases from Illinois and Oklahoma appellate courts, none of which deal with the exhaustion requirement of the Social Security Act, and are thus totally inapposite to this case. Because, under the *federal* cases cited above, Plaintiff has not shown any basis to ignore the exhaustion requirement, this Court does not have subject matter jurisdiction under § 405(g), and Plaintiff's complaint must be dismissed.

### III.    CONCLUSION

I recommend that Defendant's motions to dismiss [Doc. #10 and #16] be GRANTED, and that the Amended Complaint be DISMISSED WITH PREJUDICE.

Any objections to this Report and Recommendation must be filed  within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further

right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/R. Steven Whalen
UNITED STATES MAGISTRATE JUDGE

Dated: September 15, 2011

CERTIFICATE OF SERVICE
The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on September 15, 2011.

s/Susan Jefferson
Case Manager